IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:13-cr-20 (WLS) |
| | : | |
| TONY SCOTT KEY, | : | |
| | : | |
| Defendant. | : | |

### ORDER

Defendant Tony Scott Key moves to amend his judgment to remove restitution amounts for two victims' treatments for anxiety. (Doc. 109.) Key contends that the Mandatory Victims Restitution Act requires a "physical injury" for restitution purposes, and the treatments in this case arose from a mental condition, rather than a physical injury. The United States opposes the motion on the ground that the anxiety and chest pain are physical injuries.[1]

The Mandatory Victims Restitution Act (MVRA) requires a court to order restitution when an identifiable victim suffers a "physical injury or pecuniary loss." 18 U.S.C. § 3663A. A district court cannot order restitution for psychological services or grief counseling in the absence of physical harm. *United States v. Reichow*, 416 F.3d 802, 806 (8th Cir. 2005); *United States v. Hicks*, 997 F.2d 594, 601 (9th Cir. 1993); *United States v. Manna*, 201 F. App'x 146, 148 (4th Cir. 2006); *see also United States v. King*, 414 F.3d 1329, 1330 (11th Cir. 2005) ("The Government confesses error with respect to that part of the restitution sum, $11,485.69, representing the bank's (*i.e.*, the victim's) cost of providing grief counseling to its employees, because restitution for that cost is not authorized by the Mandatory Victims Restitution Act.").

---

[1] The Government does not object to the timing of the motion. (Doc. 114.)

The United States agrees that the MVRA requires a "physical injury" but nonetheless contends that anxiety and chest pains amount to a physical injury. The Court disagrees. Anxiety is a psychological condition and chest pain is a symptom of a mental condition. *See United States v. LaBarge*, (denying restitution for PTSD and chest pain because PTSD is a psychological injury and "chest tightness and pain . . . were *symptoms* of PTSD, not *injuries* in themselves"). In short, there is no evidence in the case that the victims suffered bodily harm or physical injury. Additionally, failure to amend the restitution order would result in defendants who are jointly responsible for restitution paying disproportionate amounts.

Accordingly, Key's restitution is **AMENDED** to remove payments resulting from treatment for anxiety. Key shall pay restitution to the following payees and at the following amounts, for a total of $30,445.86:

- Travelers Claims Hartford Prop: $9,279.10
- PeopleSouth Bank: $675.00
- Sheryl Lanease Clark: $200
- State Farm Insurance: $19,556.84
- Donalsonville Police Department: $734.92

The Motion to Amend (Doc. 109) is **GRANTED**.

**SO ORDERED**, this    27th    day of March, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**